UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEEROY M. MYERS, *ET AL.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-16-1053 |
| | § | |
| DITECH FINANCIAL LLC, *ET AL.*, | § | |
| *Defendants*. | § | |

### ORDER

This case challenging defendants' right to foreclose on plaintiffs' property is before the court on defendants'[1] motion for summary judgment (Dkt. 23). Having considered the parties' submissions and the law, the court grants the motion.

**Background**

On March 27, 2006, Leeroy M. Myers signed a Texas Home Equity Note in the amount of $50,000. The lender was Home 123 Corporation. The loan was secured by a lien on the property located at 12215 Carola Forest Drive, Houston, Texas 77044, as evidenced by a Texas Home Equity Security Instrument, otherwise known as a deed of trust, signed by Leeroy M. Myers and Barbara C. Myers. In 2008, the deed of trust was assigned to Mortgage Electronic Registration Systems, Inc. MERS assigned the note and deed of trust to Litton Loan Servicing LP effective September 22, 2009.

---

[1] Plaintiffs have named as defendants Ditech Financial LLC, successor to Green Tree Servicing, and Fannie Mae, allegedly the holder of the note. As far as the court can tell, only Ditech has taken steps to foreclose on plaintiffs' property and the current record is unclear as to whether Fannie Mae currently holds the note. Nonetheless, counsel has filed the motion for summary judgment on behalf of both defendants.

On October 5, 2009 Litton notified plaintiffs it was accelerating the loan maturity date due to non-payment. Litton obtained a court order authorizing non-judicial foreclosure in 2010. However, Litton did not pursue foreclosure prior to January 26, 2011 when it assigned the deed of trust to Green Tree Servicing LLC. Thereafter, Green Tree accepted a payment from plaintiffs in January 2012 and applied it to the outstanding loan balance.

On August 19, 2013, counsel representing Green Tree sent plaintiffs a "Rescission of Acceleration" notice stating that "the notice of acceleration dated October 5, 2009 and all prior notices of acceleration" are rescinded, and instructing plaintiffs to continue making payments to Green Tree. Green Tree accepted and applied another payment on the debt on September 27, 2013.

On April 23, 2014, counsel representing Green Tree in its capacity as both the mortgage servicer and mortgagee of the note and deed of trust, sent a Notice of Default and Intent to Accelerate giving plaintiffs 30 days to cure the default in order to avoid acceleration and foreclosure. On January 13, 2015 Green Tree sent another notice of default to plaintiffs. Plaintiff made no further payments. On October 30, 2015, Green Tree, now known as Ditech Financial, LLC, filed in state court an "Application for an Expedited Order under Rule 736 on a Home Equity Loan" seeking authorization for non-judicial foreclosure on the property for failure to pay the loan.

Plaintiffs filed suit in state court in February 2016. Defendants removed the case to this federal court based on diversity jurisdiction. Plaintiffs seek declaratory relief and to quiet title because:

2

> [A]s the cause of action based on default accrued in October 2009 and no valid foreclosure had taken place six years later in 2015, the four-year statute of limitations to foreclose has expired, the lien and power of sale have expired, the Defendants cannot foreclose, and they must release the lien in the Deed of Trust immediately.

Dkt. 6 at 8. Plaintiffs also allege that Ditech violated the Fair Debt Collection Practices Act and Texas Debt Collection Act in the notices of default. Defendants seek summary judgment dismissing plaintiffs' case in its entirety.

**Summary Judgment Standards**

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002). If the evidence presented to rebut the summary judgment is not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). In determining whether a genuine issue of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255.

In a non-jury trial, the judge is the ultimate trier of fact. In such cases, the court may grant summary judgment where a trial would not enhance the court's ability to draw

inferences and conclusions. *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1123-24 (5th Cir. 1978); *In re Placid Oil Co.*, 932 F.2d 394, 398 (5th Cir. 1991).

**Analysis**

Plaintiffs contend that the 4-year statute of limitations for defendants to foreclose on their property began running on October 5, 2009 and expired prior to Ditech's 2015 Application in state court seeking authority to foreclose.[2]

Section 16.035(b) of the Texas Civil Practice and Remedies Code provides "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." A cause of action for non-judicial foreclosure accrues "when the holder actually exercises its option to accelerate" the maturity date of the loan. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The issue here is whether Ditech effectively rescinded or abandoned the October 5, 2009 acceleration within the 4-year limitations period, thereby reinstating the parties' rights under the original deed of trust.

Section 16.038 of the Texas Civil Practice and Remedies Code was enacted in 2015 to address this issue.[3] Pursuant to § 16.038, an effective rescission or waiver can be made by serving a written notice by first class or certified mail. *Graham v. LNV Corp.*, No. 03-16-

---

[2] This is the only basis on which plaintiffs' first amended complaint challenges defendants' right to foreclose. Therefore, the court will not address the validity of the assignments of the note and deed of trust.

[3] Section 16.038 applies to notices of acceleration and notices of rescission served before, on, or after its June 17, 2015 effective date. *See Graham*, 2016 WL 6407306 at *4.

4

00235-CV, 2016 WL 6407306 at *4 (Tex. App. -- Austin Oct. 26, 2016, pet. denied). The Fifth Circuit has also held that a lender may unilaterally rescind a notice of acceleration. *Boren v. Nat. Bank Assoc.*, 807 F.3d 99, 106 (5th Cir. 2015); *Nunnery v. Ocwen Loan Serv., LLC*, 641 F. App'x 430, 433 (5th Cir. 2016). *See also Costello v. U.S. Bank Trust, N.A.*, Civ. A. No. H-16-702, 2016 WL 5871459 at *4 (S.D. Tex. Oct. 7, 2016); *Mendoza v. Wells Fargo Bank, N.A.*, Civ. A. No. H-14-554, 2015 WL 338909 at *5 (S.D. Tex. Jan. 23, 2015). In addition, acceleration of a note may be abandoned by the holder by acceptance of an installment payment. *Wolf*, 44 S.W.3d at 566-67; *Boren*, 807 F.3d at 104; *Smither v. Ditech Fin. LLC*, No. 16-20392, __ F. App'x ___, 2017 WL 58314 at *5 (5th Cir. Mar. 10, 2017).

Plaintiffs have not presented any legal authority to support their assertion that unilateral rescission or abandonment of acceleration is contrary to the Texas Constitution. *Garofolo v. Ocwen Loan Serv., LLC*, 497 S.W.3d 474 (Tex. 2016), does not support plaintiffs' position. *Garofolo* holds that foreclosure of a homestead is an available remedy for default on a home equity loan only if the underlying loan documents contain all the required terms and conditions set forth in the Texas Constitution. 497 S.W.3d at 478. *Garofolo* does not hold that the holder of an otherwise constitutionally compliant note or deed of trust cannot unilaterally rescind or abandon a notice of acceleration. *See id.* at 479 ("The constitution prohibits foreclosure when a home-equity loan fails to include a constitutionally mandated term or condition, but it does not address post-origination enforcement of a loan's provision.").

The record conclusively establishes that Ditech effectively and timely rescinded the 2009 acceleration by its August 19, 2013 notice. Ditech also effectively abandoned the 2009 acceleration by other acts, including acceptance of an installment payment in September 2013. Ditech's cause of action for foreclosure therefore accrued at some point after September 2013. Defendants are not time-barred from seeking foreclosure, and the motion for summary judgment on plaintiffs' declaratory judgment and quiet title claims is granted.

Plaintiffs summary judgment response does not address their Fair Debt Collection Practices Act (FDCPA) claim based on the January 13, 2015 default letter or their Texas Debt Collection Act (TDCA) claim based on the 2015 state court Application for non-judicial foreclosure. Plaintiffs are deemed to have abandoned such claims. Alternatively, to the extent the FDCPA and TDCA claims are based on the assertion that Ditech wrongfully attempted to collect an expired debt, the claim is without merit for the reasons discussed above.

In addition, the January 13, 2015 notice does not contain an actionable false representation of "the character, amount, or legal status of the debt." 15 U.S.C. § 1692e(2)(A). The January 13, 2015 letter states "You *may* be held personally liable under state law, *if any*, for any deficiency balance not realized from the sale of the property." Dkt. 6-5 at 3 (emphasis added). While Home Equity Loans are generally without recourse for personal liability against an owner and spouse, personal liability *may* exist if the loan was obtained through fraud. TEX. CONST. art. XVI, § 50(a)(6)(C). Thus, the letter, does not misrepresent the creditor's legal remedies. Finally, an FDCPA claim based on statements in

the January 13, 2015 letter is barred by 15 U.S.C. § 1692k(d), which requires claims to be brought within one year from the date of the violation. Ditech is entitled to summary judgment on plaintiffs' FDCPA and TDCA claims.

**Conclusion**

For the reasons discussed above, Ditech's motion for summary judgment (Dkt. 23) is granted. The court will issue a separate final judgment.

Signed at Houston, Texas on June 14, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge